UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 25-23037-CIV-MARTINEZ

SHAUN O'BRIAN COKE,

    Petitioner,

v.

E.K. Carlton, *Warden of Miami Dade Federal Detention Center*; U.S. ICE and Customs Enforcement,

    Respondents.

_____/

## ORDER DENYING 28 U.S.C. § 2241 PETITION

**THIS CAUSE** came before this Court on Petitioner Shaun O'Brian Coke's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1). This Court has reviewed the Petition, the government's response, (ECF No. 4), Petitioner's reply, (ECF No. 5), pertinent portions of the record, and the applicable law, and is otherwise fully advised in the premises. Accordingly, after careful consideration, the Petition is **DENIED**.

Petitioner alleges he was transferred from the Krome Processing Center to the Miami Federal Detention Center, without notice, and that he has an individual merits hearing scheduled for July 17, 2025. (ECF No. 1.) Petitioner asks the Court to order his "return to the Krome Service Processing Center; and/or issue a temporary restraining order preventing the transfer of the petitioner outside the District until removal proceedings have been completed." (*Id.* at 9.) The government argues that Petitioner's requested relief is not available in a habeas proceeding and the Court lacks jurisdiction to review discretionary decisions regarding where an alien is to be detained. (ECF No. 4.) The Court agrees with the government.

The Court lacks jurisdiction to enjoin Respondents from transferring Petitioner to another district. 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1252(a)(2)(B)(ii) states that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of

Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General." Specifically, 8 U.S.C. § 1231(g)(1) falls within the subchapter and states that the "Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1). As the place of detention for aliens is a decision by the Attorney General, this Court does not have jurisdiction to review the decision to transfer Petitioner from Krome Processing Center to the Miami Federal Detention Center.

Further, Petitioner's requested relief is something other than "simple release" and therefore beyond the scope of what is available in a habeas proceeding. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020) (finding the Suspension Clause inapplicable where the petitioner sought something other than simple release because the claim was "so far outside the 'core' of habeas").

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), is **DENIED**.
2. The Clerk of Court is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16 day of July 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record